UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES VAUGHN,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>WARDEN JENNIFER NASH, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:15-cv-02137-APG-PAL<br><br>**ORDER**<br><br>(IFP App. – Dkt. #1) |

　　　　This matter is before the Court on Plaintiff James Vaughn's Application to Proceed *In Forma Pauperis* (Dkt. #1), filed November 6, 2015. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

　　　　Mr. Vaughn is a prisoner in the custody of the Nevada Department of Corrections and is proceeding in this matter *pro se*, which means that he is not represented by attorney. *See* LSR 2-1. LSR 1-1 of the Local Rules of Practice states that any person who is unable to prepay the fees in a civil case may apply to the Court for authority to proceed *in forma pauperis* ("IFP"), meaning without the prepayment of the standard four hundred fifty dollar ($400.00) filing fee.[1] Mr. Vaughn has requested authority pursuant to 28 U.S.C. § 1915 to proceed IFP; however, his IFP Application is incomplete.

　　　　LSR 1-2 and § 1915 specifically require three items be submitted to this Court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated,[2] (2) a copy of his or her inmate trust account

---

[1] Pursuant to the Court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. Thus, if Mr. Vaughn requests and receives IFP status, he will be required to pay a filing fee of $400 in monthly instalments.

[2] Local Rule LSR 1-2 provides:

1

statement for the six-month period prior to filing,[3] and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.[4]

Here, Mr. Vaughn has submitted the required affidavit along with the financial certificate, but he did not include a copy of his inmate trust account statement. Although Mr. Vaughn may qualify to proceed IFP, the Court cannot determine the amount of the initial partial filing fee because he has not submitted the certified trust fund account statement. Therefore, the Court will deny Mr. Vaughn's IFP Application without prejudice.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff James Vaughn's Application to Proceed *In Forma Pauperis* (Dkt. #1) is DENIED WITHOUT PREJUDICE.
2. The Clerk of Court shall retain Plaintiff's Complaint (Dkt. #1-1), and shall mail Plaintiff a blank IFP application for incarcerated litigants along with instructions for completing the application.

///

///

---

An application to proceed *in forma pauperis* received from an incarcerated or institutionalized person shall be accompanied by a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six (6) months preceding the submission of the application. If the applicant has been at the institution for less than six (6) months, the certificate shall show the account's activity for such period.

[3] 28 U.S.C. § 1915(a)(2) states:
A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint* or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
(emphasis added).

[4] 28 U.S.C. § 1915(a)(2) states:
[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

2

3. Plaintiff shall file a new IFP application, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account.

4. Plaintiff shall have until **January 4, 2016**, to file a new IFP application.

5. Alternatively, Plaintiff shall pay the filing fee of four hundred dollars ($400.00), accompanied by a copy of this Order, on or before **January 4, 2016**.

6. Plaintiff's failure to comply with this Order by (a) submitting a new IFP application, or (b) paying the filing fee before the **January 4, 2016** deadline will result in a recommendation to the District Judge that this case be dismissed.

Dated this 3rd day of December, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE