1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES VAUGHN,

Plaintiff,

v.

WARDEN JENNIFER NASH, et al.,

Defendants.

Case No. 2:15-cv-02137-APG-PAL

**ORDER**

(IFP App. – ECF No. 7;
Mots. Screening Order – ECF Nos. 3, 10)

12   This matter is before the court on Plaintiff James Vaughn's Application to Proceed *In*

13   *Forma Pauperis* (ECF No. 7) and Motions for Screening Order (ECF Nos. 3, 10).   This

14   proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of

15   the Local Rules of Practice.

16   Mr. Vaughn is proceeding in this matter *pro se*, which means that he is not represented by

17   attorney.  *See* LSR 2-1.  At the time the complaint was filed, Vaughn was prisoner in the custody

18   of the Nevada Department of Corrections.  He has since been released from custody.  Plaintiff

19   initially requested permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915

20   and LSR 1-1 of the Local Rules of Practice.  *See* IFP Application (ECF No. 7).  However, he

21   subsequently paid the $400 filing fee.  *See* Receipt (ECF No. 8).  The IFP Application is now

22   moot and will be denied as such.

23   Mr. Vaughn's Motions (ECF Nos. 3, 10) contain duplicate requests for relief asking the

24   court to conduct a preliminary screening of his case.  He correctly asserts that the court must

25   conduct a preliminary screening in any case in which a prisoner seeks redress from a

26   governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).

27   Based on the plain language of the statute, no formal motion is necessary to prompt a screening.

28   The court will therefore deny the motions.

1

Due to the large number of civil actions pending before the court, the screening process may take many months.  It is difficult and time-consuming work for the court to produce a screening order that decides whether the complaint states a claim, and if not, providing guidance to enable a pro se party to cure any noted defects and give an opportunity to file an amended complaint.  The court has hundreds of active cases.  Criminal cases have priority and, in the absence of a true emergency,[1] all motions filed in civil cases are processed in the order in which they are filed.  Thus, filing a motion for a screening order does not expedite the process.  Additionally, filing a duplicate motion will not speed up the court's review.  The court will evaluate Mr. Vaughn's complaint in a separate screening order.

Accordingly,

**IT IS ORDERED:**

1.  Plaintiff James Vaughn's Application to Proceed *In Forma Pauperis* (ECF No. 7) is DENIED as moot.

2.  Plaintiff James Vaughn's Motions for Screening Order (ECF Nos. 3, 10) is DENIED.

Dated this 29th day of August, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[1]  LR 7-4 of the Local Rules of Practice discusses the requirements for submitting emergency motions and notes that such motions "should be rare."  *See also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 1137, 1144–45 (D. Nev. 2015).