**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JAMES VAUGHN,

                   Plaintiff,

    v.

WARDEN JENNIFER NASH et al.,

                Defendants.

Case No.  2:15-cv-02137-APG-PAL

**ORDER**

## I.   DISCUSSION

When Plaintiff initiated this case on November 6, 2015, Plaintiff was a prisoner in the custody of the Nevada Department of Corrections ("NDOC").  (ECF No. 1-1).  At that time, Plaintiff filed an application to proceed *in forma pauperis* which the Court denied as incomplete.  (ECF No. 1, 4).  On December 14, 2015, Plaintiff filed a notice of change of address which indicated that Plaintiff had been released from prison.  (ECF No. 5).  On April 22, 2016, Plaintiff paid the full $400 filing fee for this action.  (ECF No. 8).  On September 13, 2016, the Court issued a screening order on the original complaint and dismissed the complaint its entirety for failure to state a claim.  (ECF No. 14 at 6).  The Court granted Plaintiff leave to amend.  (*Id.*)  On October 13, 2016, Plaintiff filed an amended complaint.  (ECF No. 17).

The Court finds that Plaintiff's amended complaint is no longer subject to the screening requirement of 28 U.S.C. § 1915A because Plaintiff was no longer incarcerated when he filed the amended pleading.  *See Olivas v. Nevada ex rel. Dep't of Corr.*, 856

F.3d 1281, 1284 (9th Cir. 2017) (holding that "a court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is 'incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program'"). Additionally, Plaintiff is not subject to the screening requirement under 28 U.S.C. § 1915 because Plaintiff has paid the full filing fee for this action. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). As such, this case will now proceed on a normal litigation track pursuant to the Federal Rules of Civil Procedure.

Plaintiff has also filed a motion for appointment of counsel. (ECF No. 12). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel.

## II.    CONCLUSION

For the foregoing reasons, it is ordered that this case is no longer subject to the screening requirements of 28 U.S.C. § 1915A and will proceed on the normal litigation track pursuant to the Federal Rules of Civil Procedure.

It is further ordered that Plaintiff must perfect service within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that the motion for appointment of counsel (ECF No. 12) is

denied.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 16) is denied as moot because Plaintiff has paid the full filing fee for this case.

Dated: June 27, 2017.

_____
UNITED STATES DISTRICT JUDGE