1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES VAUGHN, | Case No. 2:15-cv-02137-APG-PAL |
| Plaintiff, | |
| v. | **REPORT OF FINDINGS AND RECOMMENDATION** |
| WARDEN JENNIFER NASH, et al., | |
| Defendants. | |

12      This matter is before the court on a review of the docket, which reflects that Plaintiff James

13   Vaughn has failed to serve the defendants in this case. This review is referred to the undersigned

14   pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

15                                    **BACKGROUND**

16      Mr. Vaughn is proceeding in this matter pro se. He commenced this action on November

17   6, 2015, by filing an Application to Proceed *In Forma Pauperis* (ECF No. 1) and a proposed

18   complaint. At the time, Vaughn was prisoner in the custody of the Nevada Department of

19   Corrections. However, he was subsequently released from custody and he paid the $400 filing fee

20   in April 2016. *See* Notice of Change of Address (ECF No. 5); Receipt (ECF No. 8). Summonses

21   (ECF No. 9) were issued to the defendants shortly after Vaughn paid the filing fee.

22   **I.      MR. VAUGHN'S ALLEGATIONS**

23      This case arises from Vaughn's allegations, pursuant to 42 U.S.C. § 1983, that the

24   defendants violated his civil rights during events that took place while he was incarcerated at the

25   Tonopah Conservation Camp. *See* Compl. (ECF No. 15); Am. Compl. (ECF No. 17). Mr. Vaughn

26   sues Defendants Warden Jennifer Nash, Caseworker Dorinda Cox, and Sergeant Tom Stubbs

27   (collectively, the "NDOC defendants").

28

1

1     Mr. Vaughn alleged two counts in his original Complaint.  In Count I, Vaughn alleged he

2     submitted a first level grievance regarding his credit time to Cox on July 7, 2015.  Compl. (ECF

3     No. 15) at 3–4.  Cox, who was responsible for all grievances, allegedly "disregarded" his grievance

4     and hindered his ability to exhaust his institutional remedies.  *Id*. at 4.  Stubbs and Nash had full

5     knowledge of Vaughn's situation concerning "his work, stat, and merit days" and his attempt to

6     exhaust his remedies, but they did nothing to correct Cox's hindrance.  *Id*.  Vaughn alleges he

7     should have been "treated equally like all other inmates who use[d] the grievance procedure to

8     seek relief for redress from government officials."  *Id*.  Mr. Vaughn claims his Fourteenth

9     Amendment due process and equal protection rights were violated.

10     In Count II, Vaughn alleges that Cox deliberately disregarded his grievance, which

11     hindered his ability to seek redress from governmental officials who had the power to correct his

12     sentence structure.  *Id*. at 5.  Cox knew that Vaughn's sentence structure was incorrect.  *Id*.  Stubbs

13     and Nash deliberately did nothing to Cox.  *Id*.  Mr. Vaughn alleged this conduct stated an Eighth

14     Amendment claim for "deliberate indifference."

15     Upon initial review, the court issued a Screening Order (ECF No. 14) dismissing the

16     Complaint in its entirety finding that the allegations failed to state colorable claims for violations

17     of Fourteenth Amendment due process and equal protection or deliberate indifference under the

18     Eighth Amendment.  To state a plausible equal protection claim, the court informed Vaughn that

19     he must "allege facts demonstrating that defendants acted with the intent and purpose to

20     discriminate against him based upon membership in a protected class, or that defendants

21     purposefully treated him differently than similarly situated individuals without any rational basis

22     for the disparate treatment."  *Id*. at 4.  The Screening Order explained that Vaughn's equal

23     protection claim failed because he had "not alleged that Cox discriminated against him because he

24     was a member of a protected class," or provided any allegations showing that "similarly-situated

25     individuals were treated differently than him."  *Id*.  The court gave Vaughn leave to amend within

26     30 days to correct the deficiencies in his equal protection claim.

27     Mr. Vaughn filed an Amended Complaint (ECF No. 17) on October 13, 2016, naming the

28     same NDOC defendants in one equal protection claim.  Vaughn alleges the same basic facts.  His

1    work, stat, and merit credits were miscalculated.  He submitted a grievance regarding his credit

2    time through the proper channels, but the NDOC defendants deliberately disregarded his grievance

3    and hindered his ability to exhaust his institutional remedies.  Thus, the NDOC defendants caused

4    the grievance procedure to be ineffective and Vaughn's incarceration was unjustifiably prolonged.

5    **II.     PROCEDURAL HISTORY REGARDING SERVICE**

6            In nearly three years since the original Complaint was filed, Mr. Vaughn has not filed

7    adequate proof of service, and no answers or responsive pleadings have been filed by any

8    defendant.  On June 17, 2016, summonses were issued to the NDOC Defendants.  ECF No. 9.

9    Vaughn filed a document he titled "Motion to Notify Courts of Summons Served to Defendants"

10   (ECF No. 13) on September 9, 2016, in which he stated he "served through certified mail all

11   defendants" and attached certified mail return receipts from the U.S. Postal Service.  However, the

12   mailing for Cox was returned to him "because she wasn't there."  *Id*.  Vaughn further represented,

13   "I don't have the resources to serve, or deliver a summons to Dorinda Cox" since she no longer

14   worked for NDOC and does not live in Las Vegas.  *Id*.

15           On June 27, 2017, the court issued an Order (ECF No. 18) stating that the Amended

16   Complaint (ECF No. 17) was not subject to the screening requirement of 28 U.S.C. § 1915A

17   because Vaughn was no longer incarcerated when he filed the amendment.  The court therefore

18   informed Vaughn that the "case will now proceed on a normal litigation track pursuant to the

19   Federal Rules of Civil Procedure."[1]  *Id*.  Vaughn was ordered to "perfect service within ninety (90)

20   days from the date of this order" pursuant to Rule 4(m).  *Id*.  Thus, the deadline to complete service

21   was September 26, 2017.  The court also denied a motion for appointment of counsel, finding that

22   Vaughn had not shown exceptional circumstances to warrant the appointment of counsel.  *Id*.

23           On October 2, 2017, the Clerk of Court received a Letter (ECF No. 19-1) from Mr. Vaughn

24   acknowledging that the court ordered him to perfect service by September 26, 2017.  He stated he

25   did not understand federal law and/or guidelines and did not know how to perfect service, but his

26   lack of knowledge could be resolved if the court would grant him the assistance of an attorney.  *Id*.

27   _____

[1]  Any reference to a "Rule" or the "Rules" in this Report of Findings and Recommendation refer to the

28   Federal Rules of Civil Procedure.

3

1    A standard minute order was issued informing Vaughn, "Neither the Court nor the Clerk's Office

2    can give legal advice." ECF No. 19.

3       On October 18, 2017, the Clerk of Court issued a Notice of Intent to Dismiss (ECF No. 20)

4    pursuant to Rule 4(m). The Notice warned Mr. Vaughn this action would be dismissed without

5    prejudice as to any unserved party(ies) unless proof of service was filed by November 17, 2017.

6       Summonses for the NDOC defendants were purportedly returned executed November 16,

7    2017. ECF No. 21. Vaughn filed a document titled "Notify Courts of Perfect Service" responding

8    to the Notice of Intent to Dismiss stating that he "served Defendants Jennifer Nash, Dorinda Cox,

9    and Tom Stubbs a certified copy of Amended Complaint filed on 10/13/2016" and enclosed "proof

10   of said service." *Id*. Attached to the response are receipts, dated November 15, 2017, for his

11   purchase of certified mail service from the U.S. Postal Service to deliver mail to all three NDOC

12   defendants at the prison in Indian Springs, Nevada.

13       This case has been dormant for over 11 months since he filed his last notice (ECF No 21).

14                    **DISCUSSION**

15 **I.      LEGAL STANDARDS**

16       Although pro se parties are generally held to less stringent standards, a pro se litigant must

17   follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54

18   (9th Cir. 1995).

19       "Service of process" is the legal term describing a formal delivery of documents giving the

20   defendant notice of a pending lawsuit. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S.

21   694 (1988); Charles A. Wright & Arthur R. Miller, 4A *Federal Practice & Procedure, Civil* § 1094

22   (4th ed. 2015) (noting that the purpose of service is to give a defendant sufficient notice of the

23   proceedings). Rule 4 governs service of process in federal courts. *Whidbee v. Pierce County*, 857

24   F.3d 1019, 1023 (9th Cir. 2017). Federal courts lack personal jurisdiction over a defendant unless

25   he or she has been properly served with process in accordance with Rule 4. *Crowley v. Bannister*,

26   734 F.3d 967, 974–75 (9th Cir. 2013). As such, strict compliance with the rules governing manner

27   of service is required. *Murphy Bros.*, *Inc. v. Michetti Pipe Stringing*, *Inc.*, 526 U.S. 344, 347

28   (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless

1    notified of the action, and brought under a court's authority, by formal process.").

2            Rule 4 states that a defendant must be served within 90 days after a complaint is filed.  Fed.

3    R. Civ. P. 4(m).  A court may dismiss an action without prejudice if a summons and complaint are

4    not timely served on a defendant.  *Id*.; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.

5    2007).  However, Rule 4(m) requires the court to extend the time for service if a plaintiff shows

6    good cause for the failure to timely serve.  *Id*.  As a general matter, "good cause" requires more

7    than simple inadvertence, mistake, or ignorance of the procedural rules, even where a party appears

8    pro se.  *Martin v. Longbeach*, 246 F.3d 674 (9th Cir. 2000); *Kocsis v. Delta Air Lines, Inc.*, 963 F.

9    Supp. 2d 1002, 1011 (D. Haw. 2013).  Rule 4(m) is intended to force parties "to be diligent in

10   prosecuting their causes of action."  *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *see also*

11   *United States ex rel. DeLoss v. Kenner Gen. Contractors, Inc.*, 764 F.2d 707, 710 (9th Cir. 1985)

12   (half-hearted efforts to complete service do not excuse failure to comply with Rule 4(m)).  A

13   district court also has inherent power to dismiss an action for failure to prosecute.  *Link v. Wabash*

14   *R.R. Co.*, 370 U.S. 626, 629–30 (1962); *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010).

15           Rule 4 requires a plaintiff to complete *personal* service of the summons and complaint to

16   an individual, unless the individual waives service.  Fed. R. Civ. P. 4(d), (e).  Individuals may be

17   served by: (1) following the laws governing service of process in the state where the district court

18   is located or where service is made; or (2) delivering a copy of the summons and complaint to the

19   individual personally, an authorized agent, or a person of suitable age and discretion residing with

20   the individual.  *See* Fed. R. Civ. P. 4(e).  Nevada law requires personal service of the summons

21   and complaint to individuals by any of the personal delivery methods authorized in the federal

22   Rules, but not regular or certified mail.  Nev. R. Civ. P. 4(d)(1), (6); NRS 14.020.  Accordingly,

23   attempts to serve defendants by certified mail are deficient under both federal and Nevada law.[2]

24   When service of process occurs within the United States, proof of service must be made to the

25   court by the server's affidavit.  Fed. R. Civ. P. 4(*l*)(1).

26

27   [2] *See, e.g., Cabrera v. Las Vegas Metro. Police Dep't*, No. 2:12-cv-00918-RFB-CWH, 2014 WL 6634821,
     at *3 (D. Nev. Nov. 21, 2014); *Viloria v. Premium Capital Funding LLC*, No. 2:12-cv-00406-KJD-PAL,
28   2012 WL 4361252, at *2 (D. Nev. Sept. 20, 2012).

## II.    ANALYSIS

In this case, Mr. Vaughn's filings confirm that he has not completed *personal* service of the summonses and Amended Complaint on the NDOC defendants as required by Rule 4(m) and the court's Order (ECF No. 18).  Vaughn was not authorized under federal or Nevada law, or by court order, to serve the NDOC defendants with process via certified mail.  Fed. R. Civ. P. 4(h); Nev. R. Civ. P. 4(d)(1); NRS 14.020.  On September 9, 2016, Vaughn filed a document (ECF No. 13) claiming he served the NDOC defendants through certified mail.  However, he also acknowledged that the certified mail for Cox was returned and stated he did not have the resources to serve Cox since she no longer worked for NDOC and does not live in Las Vegas.  *Id*.  After the clerk's office issued the Notice of Intent to Dismiss (ECF No. 20) more than a year later, Vaughn filed a response (ECF No. 21) once again claiming he satisfied the service requirement via certified mail.  As indicated, personal service may not be accomplished by certified mail.

The Order (ECF No. 18) indicated that Rule 4(m) required completion of service within 90 days.  Mr. Vaughn failed to complete personal service within 90 days or seek an extension of time in which to do so.  Furthermore, he never filed a motion requesting another manner of service.  Vaughn asked the court to appoint counsel.  ECF No. 12.  The request was denied because he did not show exceptional circumstances.  ECF No. 18.  Vaughn waited until one week *after* the service deadline had expired to submit his next filing.  ECF No. 19-1.  He acknowledged that service was not yet complete and admitted he did not know how to perfect service, but he told the court "this simply can be resolved if courts would grant me the assistance of an attorney."  *Id*.

The district judge's Order (ECF No. 18) stated that counsel will only be appointed in "exceptional circumstances," which were not, and are still not present.  The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel.  However, the court cannot require a lawyer to accept an appointment in a civil case, and the number of lawyers willing to take these cases is small.  Plaintiff chose to file this case and is responsible for moving his case forward to its conclusion on the merits.  *In re Exxon Valdez,* 102 F.3d 429, 433 (9th Cir. 1996).  This includes completing service of process and learning what methods of service meets applicable legal standards.

1    In addition, Vaughn's response (ECF No. 21) to the Notice of Intent to Dismiss (ECF

2   No. 20) does not show good cause why service has not been completed.   The clerk's notice

3   explicitly warned him that the NDOC defendants may be dismissed from this action unless by

4   November 17, 2017, he submitted proof these defendants were served before the before the 90-

5   day deadline or provided good cause why service was not made within the time limit.  His response

6   again enclosed "proof of said service" by certified mail, which does accomplish personal service

7   under Rule 4.  This court lacks personal jurisdiction over the NDOC defendants because they have

8   not been properly served with process in accordance with Rule 4.  *Crowley*, 734 F.3d at 974–75.

9   The court therefore recommends that the complaint be dismissed pursuant to Rule 4(m).

10    On the merits, the Amended Complaint (ECF No. 17) fails to state a plausible claim on its

11   face.  The court issued a Screening Order (ECF No. 14) dismissing the original Complaint in its

12   entirety finding that Vaughn's allegations failed to state colorable claims for violations of

13   Fourteenth Amendment due process and equal protection or deliberate indifference under the

14   Eighth Amendment.  The due process and deliberate indifference claims were dismissed with

15   prejudice.  The equal protection claim was dismissed with leave to amend.  The court gave Vaughn

16   guidance regarding the elements of a plausible equal protection claim and gave him 30 days to

17   amend his complaint.

18    The Equal Protection Clause of the Fourteenth Amendment commands that no state shall

19   "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend

20   XIV, § 1.  This does not mean, however, that all individuals must receive identical treatment and

21   resources.  *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972).  To prevail on a § 1983 equal protection

22   claim, a plaintiff must allege facts plausibly showing that a defendant acted with an intent or

23   purpose to discriminate against the plaintiff based upon his or her membership in a protected class.

24   *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013).  The Supreme

25   Court has held that race, national origin, religion, alienage (non-citizenship), and gender are

26   protected classes.  *E.g.*, *Clark v. Jeter*, 488 U.S. 456, 461 (1988); *Mississippi Univ. for Women v.*

27   *Hogan*, 458 U.S. 718, 724–25 (1982); *City of New Orleans v. Dukes*, 427 U.S. 297, 303–04 (1976).

28   Prisoners or persons convicted of crimes do not constitute a suspect class for equal protection

7

1    purposes. *United States v. Whitlock*, 639 F.3d 935 (9th Cir. 2011).

2           The Amended Complaint (ECF No. 17)[3] names the same NDOC defendants and alleges

3    one equal protection claim regarding the miscalculation of Mr. Vaughn's time credits and his

4    efforts to correct the problem through the prison's grievance procedure.   He alleges the NDOC

5    defendants deliberately caused the grievance procedure to be ineffective and, therefore,

6    unjustifiably prolonged his incarceration.   Vaughn alleges, "Every human man and woman are

7    guarded by state and federal laws that guarantees [*sic*] their protection that is equally spread to all

8    living.  Convicts, though in prison, still have a right to voice their opinions and have nothing to

9    fear because of the Constructional right to be protected equally." *Id*. at 4.

10          The Amended Complaint does not allege the NDOC defendants discriminated against

11   Vaughn based on his membership in a protected class.  He generally refers to himself among a

12   group of human men and women as well as "convicts."  Convicted persons are not a suspect class

13   for equal protection purposes.  Vaughn has not stated an equal protection claim.  Mr. Vaughn also

14   did not assert that he was intentionally treated differently from other individuals (*i.e.*, convicts)

15   similarly situated (a so-called "class of one" equal protection claim).  *See Engquist v. Or. Dep't of*

16   *Agriculture*, 478 F.3d 985, 995 (9th Cir. 2007).  The Amended Complaint therefore fails to state a

17   plausible equal protection claim.

18          The failure to state an actionable claim also weighs in favor of dismissal.  The Screening

19   Order explained Vaughn's pleading deficiencies and gave him 30 days to amend.  Instead of curing

20   the problem, Vaughn reiterated the same allegations in the Amended Complaint containing the

21   same deficiencies the court identified in the original Complaint.

22          For these reasons,

23   / / /

24   / / /

25   / / /

26   / / /

27   ―――――――――――――
     [3]  Because Mr. Vaughn is pro se, the allegations in his Amended Complaint are held to less stringent
28   standards than formal pleading drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Byrd v.*
     *Phoenix Police Dep't*, 885 F.3d 639 (9th Cir. 2018).

1    **IT IS RECOMMENDED** that:

2    1.  Plaintiff James Vaughn's Amended Complaint (ECF No. 17) be **DISMISSED without**

3    **prejudice** based on Mr. Vaughn's failure to comply with the Federal Rules of Civil

4    and the court's order regarding service to NDOC Defendants Jennifer Nash, Dorinda

5    Cox, and Tom Stubbs.

6    2.  The Clerk of the Court be instructed to close this case and enter judgment.

7    Dated this 29th day of October, 2018.

8

9                                    PEGGY A. LEEN
                                     UNITED STATES MAGISTRATE JUDGE

10

11                            **<u>NOTICE</u>**

12    This Report of Findings and Recommendation is submitted to the assigned district judge

13    pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for

14    the Ninth Circuit.  Any notice of appeal to the Ninth Circuit should not be filed until entry of the

15    district court's judgment.  *See* Fed. R. App. Pro. 4(a)(1).  Pursuant to LR IB 3-2(a) of the Local

16    Rules of Practice, any party wishing to object to a magistrate judge's findings and

17    recommendations of shall file and serve *specific written objections*, together with points and

18    authorities in support of those objections, within 14 days of the date of service.  *See also* 28 U.S.C.

19    § 636(b)(1); Fed. R. Civ. Pro. 6, 72.  The document should be captioned "Objections to Magistrate

20    Judge's Report of Findings and Recommendation," and it is subject to the page limitations found

21    in LR 7-3(b).  The parties are advised that failure to file objections within the specified time may

22    result in the district court's acceptance of this Report of Findings and Recommendation without

23    further review.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition,

24    failure to file timely objections to any factual determinations by a magistrate judge may be

25    considered a waiver of a party's right to appellate review of the findings of fact in an order or

26    judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th

27    Cir. 1991); Fed. R. Civ. Pro. 72.

28